# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        Plaintiff,

  v.                                              **Case No. 09-CR-248**

**SHAVELLE CAMPBELL**
        **Defendant.**

## ORDER

Defendant Shavelle Campbell moves to reduce his sentence pursuant to the Fair Sentencing Act ("FSA") of 2010. I dismiss the motion.

## I. BACKGROUND

On October 6, 2010, defendant pleaded guilty to conspiracy to possess with intent to distribute and distribute 50 grams or more of cocaine base. At defendant's May 12, 2011, sentencing hearing, I adopted the drug weight (about 5 kilograms of crack) and imprisonment range (188-235 months) set forth in the pre-sentence report but imposed a below-guideline term of 120 months in prison, the minimum term required by statute. Defendant took no appeal.

On January 7, 2013, defendant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). That statute permits the district court, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, to reduce the term of imprisonment if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "District courts only possess this authority when two conditions have

been met. First, an amendment to the Sentencing Guidelines must specifically be listed as having retroactive effect; and second, the amendment must lower the defendant's guideline range. All other cases are outside the congressional grant of authority to district courts to modify sentences that have already been imposed." United States v. Jackson, 573 F.3d 398, 399 (7th Cir. 2009).

Defendant did not rely on any retroactively applicable sentencing guideline amendment in his January 2013 motion. Rather, he cited the FSA of 2010, which replaced the old 100:1 crack/powder cocaine ratio with an 18:1 ratio,[1] and the Supreme Court's decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), which held that the FSA's new mandatory minimum thresholds apply to pre-Act offenders who were sentenced after the FSA went into effect on August 3, 2010. I first noted that courts had declined to afford relief under § 3582(c)(2) based on FSA/Dorsey arguments. At all events, the FSA and Dorsey did not help defendant, as his drug weight of 5 kilograms of crack cocaine was more than sufficient to trigger a 10 year minimum even under the FSA's new thresholds. Finally, I noted that, to the extent defendant might rely on the 18:1 crack guideline adopted by the Commission in response to the FSA, that change was already in effect (on an emergency basis) at the time I sentenced defendant. Thus, the permanent change that went into effect on November 1, 2011 via Amendment 750 – which does apply retroactively, see U.S.S.G. § 1B1.10(c) – did not lower defendant's guideline range. For these reasons, I denied defendant's § 3582(c)(2) motion. Defendant did not appeal the denial.

---

[1] The FSA achieved this result by increasing the amount of crack cocaine needed to trigger a 10 year mandatory minimum from 50 grams to 280 grams, and the 5 year minimum from 5 grams to 28 grams.

2

## II. DISCUSSION

On August 2, 2013, defendant filed the instant motion to reduce his sentence, again relying on the FSA and Dorsey. The Seventh Circuit permits just one § 3582(c)(2) motion based on any given change in the sentencing guidelines. See United States v. Redd, 630 F.3d 649, 651 (7th Cir. 2011). Defendant seeks to rely on a statutory change rather than a retroactive guideline amendment, and he does not cite 18 U.S.C. § 3582(c)(2) in the instant motion, but this leaves him with no basis for engaging the court's jurisdiction. See United States v. Davis, 682 F.3d 596, 609-10 (7th Cir. 2012); United States v. Zingsheim, 384 F.3d 867, 871 (7th Cir. 2004). Even if I had jurisdiction, the instant motion fails on the merits, for the same reason as the previous motion. Defendant argues that because he was only accountable for 124 grams of crack his mandatory minimum changes from 10 years to 5, but as discussed above, defendant's drug weight is sufficient to trigger a 10 year minimum under the FSA.[2]

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 1272) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2013.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[2] Given these facts, I see no reason to consider "converting" the motion to a collateral attack under 28 U.S.C. § 2255.

3